**An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.**

# IN THE SUPREME COURT OF THE STATE OF NEVADA

STEPHANIE COTTO,
Appellant,
vs.
GERALD PURDUM, II,
Respondent.

No. 63468

**FILED**

JUL 2 4 2014

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is a fast track child custody appeal from a district court order establishing custody and denying appellant's request to relocate with the parties' minor child. Second Judicial District Court, Washoe County; Egan K. Walker, Judge.

The parties were never married and they have one child together. Appellant requested primary physical custody of the child and the right to relocate with the child to Colorado. The district court granted appellant primary physical custody but denied her request to relocate, concluding that she had failed to provide a good-faith reason for the relocation. This appeal followed. On appeal, appellant challenges the district court's denial of her request to relocate.

Before the district court considers a motion to relocate, the requesting parent must demonstrate "that an actual advantage will be realized by both the children and the custodial parent in moving to a location so far removed from the current residence that weekly visitation

SUPREME COURT
OF
NEVADA


(O) 1947A

14-24077

by the noncustodial parent is virtually precluded." *See Cook v. Cook*, 111 Nev. 822, 826, 898 P.2d 702, 705 (1995) (internal quotation marks omitted). This threshold requirement is met when the requesting parent can demonstrate "a sensible, good faith reason for the move." *Id.* at 827, 898 P.2d at 705 (internal quotation marks omitted).

Here the record indicates that appellant originally requested to relocate to Utah, before modifying her request to seek relocation to Colorado Springs, Colorado. Nevertheless, while appellant requested to relocate to Colorado Springs, she testified that she had never been to Colorado Springs, had never seen the home where she and the child were going to reside, and had not applied for schooling or explored job opportunities there. At the time, appellant had a permanent full-time job in Nevada. Further, appellant testified that her relocation to Colorado Springs was her parents' idea and that she would be residing with them. Yet, her parents had just relocated to Colorado Springs for her father's three-year assignment with the United States Air Force.

Having considered the parties' arguments and the record on appeal, we conclude that the district court's determination that appellant failed to establish a good-faith reason for the move is supported by substantial evidence and that the district court did not abuse its discretion in denying appellant's request to relocate to Colorado. *See Wallace v. Wallace*, 112 Nev. 1015, 1019, 922 P.2d 541, 543 (1996) (providing that this court reviews district court child custody decisions for an abuse of discretion); *see also Ogawa v. Ogawa*, 125 Nev. 660, 668, 221 P.3d 699, 704 (2009) (explaining that a district court's factual findings are given

deference and will not be set aside unless they are clearly erroneous or not supported by substantial evidence). Accordingly, we

ORDER the judgment of the district court AFFIRMED.[1]

_____Pickering_____, J.
Pickering

_____Parraguirre_____, J.
Parraguirre

_____Saitta_____, J.
Saitta

cc:  Hon. Egan K. Walker, District Judge
     Shawn B. Meador, Settlement Judge
     Kristi Beth Luna
     Gary M. Pakele
     Washoe District Court Clerk

_____

[1]We have determined that this appeal should be submitted for decision on the fast track statement and response and the appellate record without oral argument. *See* NRAP 3E(g)(1); *see also* NRAP 34(f)(1).